BREAUX, C. J.
The state claims of the defendant an additional license'for the years 1910,. 1911, and 1912.
The defendant, in answer to the rule taken by the state, admitted: That it conducted an insurance business during the years before named, and averred that it paid the taxes due for those years. That the state never claimed other taxes before obtaining a rule calling upon it to show cause why the taxes should not be paid. That the taxes which the state is seeking to collect were not considered as belonging to separate groups, but to one group or classification. That the insurance department committed to health and accident insurance is one class.
That the National Insurance Company of Detroit at a time when it had only $100,000 capital was permitted to do business in the state. That accident policies and health policies were jointly written in their policies, and other averments to the same effect.
The agreed statement of facts for the purpose of the trial is not lengthy, therefore inserted here; that is, all needful of this agreement relating to facts is inserted here.
It is admitted that defendant company paid the taxes for the year 1913, and that plaintiff has no claim for that year. It is further admitted that defendant was chartered to insure persons against sickness or bodily injury or death from accident, and that the insurance department of the state of Louisiana admitted the National Insurance Company of Detroit, Mich., a company chartered for the same purpose that the defendant company is chartered for, to do business in this state when it had only $100,-000 capital. It is further admitted that the defendant paid its license tax for the years 1910, 1911, and 1912, and that no demand was made upon it for the payment of an additional license tax under section 9 of the License Law, and that it paid a license tax on the entire premium collected by it in Louisiana under section 8 of the act of 1898, as amended. It is admitted that life insurance companies transacting business in this state issue policies which contain provisions for annuities or annual payments of beneficiaries upon the death of the assured, and pay one license under section 8 of Act No. 171 of 1898, as amended, upon total premiums collected in the state, and that the first demand made upon defendant for this additional license for 1910, 1911, and 1912 was on or about July 1, 1913.
Judgment was rendered against defendant condemning it to pay additional license as claimed.
The defendant appealed.
[1] The business which the defendant conducts is noted above,- and the question is whether we shall separate health insurance and hold the defendant liable therefor, although health insurance is not thus separated under the terms of the law.
The section 8 above noted relates to life and accident insurance companies doing a life insurance business of any kind in this state, and directs that a separate and distinct license shall be paid on the annual amount of business. The business of health insurance is not eo nomine mentioned in the act, nor is it mentioned in classification 5 of Act No. 105 of 1898, according to which a license is due from companies insuring against bodily injury or death by accident. It is therefore seen that health insurance is not *809 included. But the Act No. 50 of 1902, in its fifth section, mentioned sickness and accident in one group subject to a license tax; to quote from the classification:
“Insure against sickness, bodily injury or death by accident.”
This completely covers the business conducted by the defendant. It is placed all in one group.
[2] But it is contended by plaintiff that it is authorized to collect this tax under the clause of section 9 of 1898, which reads “any other insurance not provided for,” subject to a tax.
In the face of the Act No. 50 of 1902, containing the clause above mentioned, no such effect as that for which the plaintiff contends can be given to the words “not otherwise provided for.” Section 9 of act of 1898.
It is not reasonably possible to take from the Act No. 50 of 1902 the definition it contains and group it with section 9 of Act No. 171 of 1898, so as to embrace within its provisions the business conducted by the defendant. We are dealing with the words we have before quoted as applying directly to the business herein named.
We' cannot agree with the view which would add to those words the clause for which plaintiff contends, as we before mentioned.
In order to' closely follow sections 8 and 9 of the Act No. 171 of 1898, excerpts from these sections are inserted here:
Section 8:
“That each and every life and accident insurance company (society), association, corporation or'other organization * * * shall pay a * * * license.”
This evidently does not include health insurance. It may be that the Legislature at that time knew very little or nothing about health insurance companies, and therefore did not refer to them at all. As they were not referred to in any way, it is not possible to construe this section so as to include the business of the company not named in any way, and not referred to in the least. Nor is it named in the list of companies contained in the act of 1898.
The next section (section 9) contains the provision that:
“Each and every fire, marine and river insurance, guarantee, surety, or indemnity company, society association, corporation or other organization or firm, or individual doing and conducting a fire, marine or river insurance, guarantee, surety or indemnity business of any kind, * * * or any other insurance business not otherwise provided for.”
But, under present laws, the business conducted by the defendant company is otherwise provided for, and, being otherwise provided for, we are constrained to decline listing it with the companies referred to in section 9. We only find a location for it in the Act No. 50 of 1902. If it is not to be considered- as falling within the grasp of that act, then it is not to be taxed at all. But it does come within the provisions of the act just cited, and, under its provisions, it owes an annual license.
It may well be said that the laws have not been as clearly enacted as they might have been. Construed with the decision rendered, it is not possible to include as subject to taxation all the different businesses enumerated.' Classifications have heretofore been carefully examined, and the court decided “that the first intent was to levy a single license tax on every company represented and doing business in the state,” quoting in that connection the first section of the act of 1898:
“That the tax collector shall demand from each company applying for license a certificate from the secretary of state certifying to the amount of business transacted during the preceding year by such company as shown by the sworn statement on file in his office, and the license of each company shall be based upon such certificate.”
*811 And that:
“Taking sections seven, eight and_ nine together, there is no warrant for the issuing of more than one license to each company.”
Plaintiff’s contention rests on the proposition that the relator is conducting other business of insurance.
Relator’s business includes all the purposes for which it was organized, and the fallacy in the argument of plaintiff consists in the assumption that each purpose constitutes a separate insurance business. It might as well be argued that each department of a business concern constitutes a separate business. This would have the effect of multiplying to a great extreme business subject to taxation, although grouped as one, and intended evidently to be included as one in assessing licenses.
There seems to have been a purpose in adopting the separate sections, 8 and 9, and in stating the different provisions to which they are intended to apply; one indicating (that is, section 8) the insurance of life against accident and the other ills to which men are exposed; the other relating to property, such as fire, marine, and river insurance.
From that point of view, it is not possible to hold that section 9 and the added clause herein, “or any other kind,” can be grafted on that section; for that section refers to the insurance of property, and not at all to human business.
But we return to Act No. 50 of 1902 as absolutely controlling.
[3] The decision in State v. Maryland Casualty Co., 62 South. 606,[1] has been cited as expressive of a contrary rule of interpretation. We will not follow the text of that decision closely, as we do not conceive that it is at all necessary. It contains a careful review of the law, but cannot be held as controlling, for the reason that it does not pass directly in all respects upon the question presented here. The following explains:
“It follows, therefore, that, if an insurance company does business under sections eight and nine, it will be liable for two separate licenses; and defendant in this case admits owing the state for two licenses.”
The court in that case sustained this admission, and held that the defendant owed licenses which he admitted were due by him.
By reason of the law and the evidence being in favor of defendant and against plaintiff, it is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, plaintiff’s demand rejected and its action dismissed.
PROVOSTY, J., being absent on account of illness, took no part.

 133 La. 146.